## J. WINGFIELD et al. *v.* COMMONWEALTH.

**Criminal Law — Setting up Lottery — Indictment — Constitutionality of Act.**
> The offense charged in the indictment is the setting up, promoting, and managing a lottery for money, etc., which is sufficient.

**Constitutionality.**
> In view of the very large discretion given to the court and jury, the act is not within the inhibition of section 17, of article 13 of the Constitution.

APPEAL FROM MUHLENBURG CIRCUIT COURT.

June 14, 1867.

OPINION OF THE COURT BY JUDGE PETERS:

By section 1, article 21, chapter 28, 1 Rev. Stat. 405, it is provided that whoever shall set up, draw, manage, or otherwise promote any lottery for money or other thing, or dispose of, or promote the disposing of any money, or thing of value by way of lottery, or aid in the doing of either of said offenses, shall be fined from $100 to $10,000.

The offense charged in this indictment is the setting up, promoting, and managing a *lottery* for money, property, and other things of value. In the subsequent part of the indictment, the manner in which the offense was committed is described with some particularity, and is not in direct terms stated in the indictment that all the tickets drawn did not represent prizes equal in value to the prices paid for them; nor was it necessary that it should contain such a statement; for the offense, denounced by the statute, was complete by setting up, or promoting, or managing a lottery for money, or other thing, without regard to the disparity that might exist between the price paid for a ticket, and the value of the prize it would draw. One, if not, the principal object of the statute, being to protect the community from the evil influences and demoralization of lotteries.

Nor can we, in view of the very large discretion given to the court and jury under the act now under consideration, decide the same to be within the inhibition of section 17, of article 13, of the Constitution of Kentucky, which declares that excessive bail shall

not be required, nor excessive fines imposed, nor cruel punishment inflicted. As the history of the trial is not preserved and presented in a bill of exceptions, thereby limiting the inquiry to the single questions of the sufficiency of the indictment, and the constitutionality of the act, *supra,* and perceiving no available objections on either of these grounds, we feel bound to affirm the judgment.